UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYDA MEISAMI,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>   Defendant. | Case No. 15-cv-00276-JD<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 24 |

  In this social security disability case, the Court entered judgment in favor of plaintiff Ayda Meisami. Dkt. No. 20. The Acting Commissioner of Social Security asks to alter or amend that judgment and to enter summary judgment for the Commissioner instead. Dkt. No. 24. The motion is denied.

  The Commissioner's motion is made under Federal Rule of Civil Procedure 59(e). Of the available grounds for such a motion, the Commissioner asserts only one -- that the Court made "manifest errors of law or fact." *See* Dkt. No. 24 at 2 (quoting *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). The Commissioner tenders two alleged errors.

  The Commissioner first asserts that the Court erred in finding that the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr. Neil Sachs. The Commissioner does not take issue with the standard of review the Court applied, but instead suggests that the Court did not take into account the ALJ's summary of the evidence that preceded the paragraph in which she stated that she "g[a]ve no weight to the opinion of Dr. Neil Sachs, M.D." Dkt. No. 24 at 3.

  This argument fails. The ALJ herself provided a summary of the record as she deemed relevant to her rejection of Dr. Sachs's opinion, stating, "Dr. Sachs's opinion is not supported by

the medical evidence of record, *which as outlined in detail above*, which [*sic*] shows that on mental status examinations, the claimant has been observed to have average to high average intelligence, good eye contact, a cooperative and appropriate demeanor and attitude, and has experienced only one or two hospitalizations, and only intermittent treatment for her mental impairments prior to May 2013 (AR 30)." Dkt. No. 24 at 3 (emphases added). This was the express reason given for the ALJ's rejection of Dr. Sachs's opinion, and the Court continues to find the ALJ's rejection insufficient under the governing law. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). In addition, the Commissioner's current argument emphasizing the ALJ's review of the record as a whole was already presented to the Court in the summary judgment briefing. *See* Dkt. No. 15 at 12-13 ("the ALJ reasonably concluded based on the totality of the record evidence [that] Dr. Sachs's opinion was not supported by the medical evidence of record"). The Court rejects the Commissioner's argument for the additional reason that this attempt to "relitigate old matters" is an improper use of Rule 59(e). *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 522 (2008) (internal quotations omitted).

        The second "manifest legal error" urged by the Commissioner is that the Court improperly "concluded that the ALJ erred with respect to the two hypothetical questions posed to the vocational expert." Dkt. No. 24 at 6. This argument, however, is necessarily intertwined with the first argument above about the propriety of the ALJ's rejection of Dr. Sachs's opinion. The Commissioner acknowledges that all of a claimant's limitations (that are supported by the medical evidence) must be presented to a vocational expert, and the Commissioner further acknowledges that the ALJ's second hypothetical question to the expert "was based on Dr. Sachs's functional assessment" and the expert's answer was that there were no jobs. Dkt. No. 24 at 6. The Commissioner argues that the ALJ "properly disregarded the answer to the second hypothetical question, which was based on Dr. Sachs's rejected opinion." *Id*. at 10. But because the Court has reiterated above that the ALJ's rejection of Dr. Sachs's opinion was not properly done, her rejection of the vocational expert's answer to the hypothetical question that was based on Dr. Sachs's opinion must also be seen as improper, at least at this stage. The Commissioner's second argument is also unavailing.

1   Reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the
2   interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934,
3   945 (9th Cir. 2003) (internal quotations omitted).  A motion under that Rule "should not be
4   granted, absent highly unusual circumstances . . . ." *Id*.  Those standards have not been met here.

**IT IS SO ORDERED.**

Dated:  November 22, 2016

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California